# 98 DTA 194

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL VI, CAGUAS, HUMACAO Y GUAYAMA

ERICK BERMUDEZ CARRASQUILLO Y OTROS
Apelantes

v.

ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS
Apelados

Núm. KLAN-98-00542

San Juan, Puerto Rico, a 5 de agosto de 1998

Panel integrado por su Presidente, Juez Ortiz Carrión
y los Jueces González Rivera y Hernández Torres

Ortiz Carrión, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

### I

El señor Erick Bermúdez Carrasquillo apela de una sentencia en la que el Tribunal de Primera Instancia, Sala Superior de Caguas, le desestimó una demanda incoada contra el Estado Libre Asociado por tratarse de una reclamación de daños causados por actos intencionales de un funcionario público. El señor Bermúdez plantea que el tribunal apelado erró al desestimar su reclamación. Antes de dilucidar este planteamiento, procede hacer una breve relación de las determinaciones del Tribunal de Primera Instancia luego de aquilatada la prueba presentada durante el juicio que se celebró en este caso.

El 29 de diciembre de 1989, el señor Bermúdez Carrasquillo entró al establecimiento Michael Liquor Store, donde jugó un partido de billar con otra persona. Al concluir el partido, hubo una discusión entre ambos, y esa persona intentó agredirlo por lo que el señor Bermúdez se marchó del establecimiento. Al salir, el señor Bermúdez observó que dos individuos salieron del establecimiento y se dirigieron hacia él. Uno de los individuos de nombre José Ramírez Suárez, quien tenía una identificación de la Policía de Puerto Rico en su mano izquierda y un arma de fuego en su mano derecha, le preguntó quién era el más guapo, a lo que el señor Bermúdez contestó que el problema no era con él. En ese momento, el otro individuo le dio una patada en la pierna y Ramírez Suárez le apuntó con el arma haciéndole presión en el centro del pecho, sin hacerle advertencias de ley alguna. El señor Bermúdez trató de apartar el arma de su pecho, pero Ramírez Suárez lo agredió con el arma en su rostro y al intentar escapar sintió un disparo que lo alcanzó en el brazo derecho. El señor Bermúdez cayó al suelo mientras sus agresores se retiraron del lugar. Ramírez Suárez era miembro de la Policía de Puerto Rico, pero al momento de los hechos no estaba en servicio. Luego de ser procesado administrativamente, se le expulsó de la Policía de Puerto Rico. También fue acusado por la comisión del delito de agresión agravada grave, pero fue absuelto, según el examen de la exposición narrativa de la prueba.

Basándose en estas determinaciones, el tribunal apelado concluyó que los actos cometidos por Ramírez Suárez fueron intencionales por lo que desestimó la demanda conforme a lo dispuesto por el Artículo 6 de la Ley de Reclamaciones y Demandas contra el Estado, Núm. 104 de 29 de junio de 1955, 32 L.P.R.A. sec. 3081 (d).

### II

El apelante plantea que al momento de los hechos, su agresor actuó en su capacidad oficial y dentro del marco de sus funciones ya que portaba su arma de reglamento por imperativo reglamentario. ■ Plantea que de este modo, los actos cometidos por el señor Ramírez cumplían con los fines de su empleo y que por lo tanto el Estado Libre Asociado de Puerto Rico debe responder por los daños que éste le ocasionó. En *Sánchez Soto v. E.L.A.*, 128 D.P.R. 497, 506, (1991), el Tribunal Supremo de Puerto Rico resolvió que el deber impuesto a los miembros de la Policía de Puerto Rico

de portar su arma en todo momento, por sí sólo, no es suficiente para imponerle responsabilidad al Estado en toda situación imaginable. El Tribunal Supremo señaló que la Ley de Reclamaciones y Demandas contra el Estado no establece tal responsabilidad absoluta, y lo determinante para imponerle responsabilidad al Estado no es si el policía estaba en sus horas de trabajo al momento de los hechos, ni que la Ley de la Policía de Puerto Rico disponga que sus miembros conservarán su condición de policías en todo momento.

Al interpretar la Ley de Reclamaciones y Demandas contra el Estado, el Tribunal Supremo estableció que para que un demandante pueda reclamar por daños y perjuicios contra el Estado por los actos u omisiones de un empleado, agente o funcionario es necesario que pruebe que el agente estaba actuando en su capacidad oficial al momento de ocasionarle el daño. El demandante debe probar además que el agente actuó dentro del marco de su función, y que su actuación fue negligente, y no intencional. Por último, debe demostrar la relación causal entre la conducta culposa y el daño producido. *Leyva et al. v. Aristud et al.*, 93 J.T.S. 5.

El Artículo 6 de La ley de Reclamaciones y Demandas contra el Estado establece claramente que el Estado Libre Asociado se reservó inmunidad contra reclamaciones por daños causados por actos intencionales de sus funcionarios, agentes o empleados. *Alberio Quiñones v. E.L.A.*, 90 D.P.R. 812 (1964); *Meléndez v. E.L.A.*, 81 D.P.R. 824 (1960). Luego de examinar las determinaciones de hecho de la sentencia de la cual se apela, este Tribunal entiende que ante la clara intencionalidad de los actos cometidos por el señor Ramírez Suárez, el señor Bermúdez está impedido de reclamarle al Estado Libre Asociado de Puerto Rico. El señor Bermúdez realmente no impugna las determinaciones de hecho del Tribunal de Primera Instancia, sus planteamientos se reducen a discrepar sobre las consecuencias jurídicas que se le deben atribuir a las mismas. Además, en ausencia de circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto, la apreciación de los hechos que hace el Tribunal de Primera Instancia merece gran respeto y deferencia. *Sánchez Rodríguez v. López Jiménez*, 116 D.P.R. 172, 181 (1985). Máxime cuando el apelante nunca perfeccionó el trámite para la exposición narrativa de la prueba.

Por los fundamentos antes expuestos, se confirma la sentencia del Tribunal de Primera Instancia.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIO 98 DTA 194

1. *El Manual sobre Uso y Manejo de Armas de Fuego de la Policía de Puerto Rico,* Revisión de 1987, Cap. II F, págs. 4-5, le impone a los miembros de la Policía de Puerto Rico la obligación de portar el arma de reglamento en todo momento, aun cuando estén fuera de servicio.